UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHRISTIAN DE LA VEGA,<br><br>            Petitioner,<br><br>    v.<br><br>McEWEN, Warden,<br><br>            Respondent. | No. CV 11-5235-SVW (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On May 30, 2014, the United States Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and the action dismissed with prejudice. Thereafter, on June 18, 2014, petitioner filed his "Objection to Magistrate Judge's Report and Recommendations" ("Objs.").

## DISCUSSION

Although petitioner purports to be objecting to the sufficiency of the evidence on Count 6 (Objs. at 1-3), which he raised herein in his Grounds 2 and 3, petitioner primarily directs his discussion toward the fact that the written version of CALJIC No. 8.66 does not appear to have been included with the written jury instructions that were provided to the jury. In his Petition, this

claim is presented as one of instructional error in petitioner's Ground 1. In his Objections, however, petitioner raises numerous related claims -- the "jury was prejudiced and tainted" (id. at 2), one juror was "coerced," "intimidated" and "scared" by the trial judge's response to a question from the jury (id. at 2, 5, 7-8, 10), the trial judge and prosecutor "deliberately" removed the jury instruction from the package provided to the jury, which constituted "jury tampering" (id. at 5-7,11) -- that he has not raised in his Petition herein. Further, any claims of judicial misconduct, jury tampering, or violation of his right to an unbiased jury would be unexhausted as petitioner did not raise them to the California Supreme Court prior to filing his Petition herein. The Court will not address claims presented for the first time in plaintiff's Objections. In addition, the Court notes that plaintiff appears to be confused about the scope of a claim that he raised as part of his ineffective assistance of counsel claim -- that his counsel initially failed to review the verdict forms. In his Objections, petitioner now contends that the fact that his counsel told the trial court that he did "look over the verdict forms," supports his claim that the written version of CALJIC No. 8.66 was "deliberately" removed. (Id. at 10-11). Petitioner's argument confuses the verdict forms with the written jury instructions. The record reflects that counsel initially stated that he had no objection to the verdict forms, but the discussion concerning this in the record does not include a request for counsel to review the jury instructions that were to be provided to the jury.

Nothing in petitioner's Objections leads the Court to conclude that the Magistrate Judge's recommendations should not be accepted. Accordingly, after full consideration of the arguments and allegations in petitioner's Objections, the Court concludes as follows:

### **CONCLUSION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file herein, the magistrate judge's report and recommendation, and petitioner's objections to the report and recommendation. The Court has engaged in a de novo review of those portions of the report and recommendation to which objections have been made. The Court accepts the recommendations of the magistrate judge.

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.
2. Judgment shall be entered consistent with this order.
3. The clerk shall serve this order and the judgment on all counsel or parties of record.

DATED: October 8, 2015

*[signature]*

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE